**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BILLY McCARTHY (p/k/a BILLY DIOR), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-cv-7423 |
| ) | |
| BRUCE ANTHONY JOHANNESSON ) | Judge Robert M. Dow, Jr. |
| (p/k/a C.C. DeVILLE), ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion [22] to dismiss or to transfer Plaintiff's claims, or for a more definite statement. Also before the Court is Plaintiff's motion [38] to file a sur-reply in opposition to Defendant's motion. For the reasons stated below, Defendant's motion [22] is granted. The case is dismissed without prejudice for improper venue. Plaintiff's motion [38] is denied without prejudice as moot.

**I.   Background**

On October 19, 2011, Plaintiff filed this complaint against Defendant for breach of contract, constructive trust, and accounting. Plaintiff asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332 and venue pursuant to 28 U.S.C. § 1391(b)(2).[1] Plaintiff alleges that he currently resides in Cook County, Illinois, whereas Defendant currently resides (and at all relevant times has resided) in Orange County, California. Defendant is a member of the rock band, Poison. Plaintiff is a former recording artist and a "highly-respected songwriter, arranger, and producer of the past two decades."

---

[1] The complaint states that venue is proper under § 1391(a)(2) but clearly refers to subsection (b)(2).

1

According to the complaint, in 1984, Defendant and Plaintiff formed the band, Screamin' Mimi's. As members of this band, Defendant wrote, and Plaintiff arranged and wrote, the song, "Talk Dirty to Me." At that time, "a contract was formed between [Plaintiff] and [Defendant] to share any and all royalties, publishing rights, and other compensation from the song." Shortly thereafter, Screamin' Mimi's disbanded, and Defendant joined Poison. In 1986, Poison shot the music video for "Talk Dirty to Me," which was instantly popular and propelled sales of Poison's first album. Plaintiff admits that all of these events—with the exception of Poison's worldwide sales—occurred in California. [25 at 4, 36 at 11.] Plaintiff alleges that Defendant breached the contract by failing to pay Plaintiff his share of compensation from "Talk Dirty to Me."

Also on October 19, 2011, Plaintiff and James Stonich filed a complaint against Defendant, the other members of Poison, and three music business organizations for, among other things, copyright infringement as to "Talk Dirty to Me" (the "Copyright Case"). In the Copyright Case, which was pending before Judge Shadur (Case No. 11-cv-7422), the defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or to transfer pursuant to 28 U.S.C. § 1404(a). On March 8, 2012, Judge Shadur agreed to transfer the case to the Central District of California.

In this matter, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), or, in the alternative, for a more definite statement pursuant to Rule 12(e). Defendant subsequently argued that, if the Court did not dismiss the complaint, it should follow Judge Shadur's lead and transfer the case to the Central District of California pursuant to 28 U.S.C. § 1404(a).

## II.     Motion to Dismiss for Improper Venue

Proper venue in the transferor court is a prerequisite to transfer under 28 U.S.C. § 1404(a). See *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) ("§ 1404(a) * * * allow[s] a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district."). Accordingly, the Court begins by addressing Defendant's motion to dismiss for improper venue.[2]

### A.     Legal Standards

Federal Rule of Civil Procedure 12(b)(3) provides that a party may move to dismiss a case that a plaintiff filed in an improper venue. The plaintiff bears the burden of establishing proper venue. See *Int'l Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222 (7th Cir. 1981) (citing *Grantham v. Challenge–Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir.1969)). The burden is met by making a *prima facie* showing that venue is proper. See *Sanderson v. Spectrum Labs, Inc.*, 2000 WL 1909678, at *3 (7th Cir. Dec. 29, 2000); *Bell v. Woodward Governor Co.*, 2004 WL 1498145, at *1 (N.D. Ill. Jul. 2, 2004). A court deciding a Rule 12(b)(3) motion must take the allegations in the complaint as true (unless contradicted by affidavit) and draw all reasonable inferences in favor of the plaintiff. See *Nagel v. ADM Investor Servs., Inc.*, 995 F. Supp. 837, 843 (N.D. Ill. 1998). The court also will resolve all factual disputes in the plaintiff's favor. See *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983).

---

[2] In the Copyright Case, the defendants did not move to dismiss for improper venue. The plaintiffs there asserted venue pursuant to 28 U.S.C. § 1391(b)(2), (b)(3), (c), and (d) as well as § 1400(a). In discussing the defendants' motion to transfer, Judge Shadur made a preliminary finding that venue was proper in this district. [34-5 at 9-10.]

B. Analysis

Plaintiff asserts venue based solely on 28 U.S.C. § 1391(b)(2), which provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Plaintiff attempts to make a *prima facie* showing that venue is proper by arguing that, although the purported contract was formed in California, it was breached in Illinois. Specifically, Plaintiff argues that a breach occurred every time that (1) "Talk Dirty to Me" was disseminated and (2) Plaintiff did not receive a share of the royalties. According to Plaintiff, because these events took place in Cook County, venue is proper in this district.[3]

Plaintiff, however, provides no factual or legal support for his assertion that "the contract was breached wherever the royalty-generating event occurred." [25 at 4.] First, the complaint does not allege that Defendant breached the contract whenever the song was exploited. Indeed, if the song were not exploited, there would be no reason to pay the compensation that Plaintiff now seeks. Rather, Plaintiff maintains that Defendant's failure to pay Plaintiff his share of compensation *from* the exploitation of the song constituted a breach of contract. Thus, the site of the royalty-generating event is irrelevant. If it weren't, the venue requirement would be no requirement at all.

Plaintiff also contends that venue is proper in Illinois because he lives here and therefore should have received royalties here. But, at the time the contract was formed, both parties resided in California. The complaint does not allege that the parties contemplated performance in Illinois. Indeed, the only reasonable inference from the complaint is that Defendant was supposed to perform in California by collecting revenues and sending royalties to Plaintiff.

---

[3] Plaintiff also argues that venue is proper because key witnesses reside in Chicago. This argument is certainly relevant to Defendant's motion to transfer but fails to aid Plaintiff in establishing venue.

4

Plaintiff denies receiving payment from Defendant in Illinois (or anywhere else), so none of the relevant events have taken place here. The only thing tying this case to Illinois is Plaintiff's current residence, which has nothing to do with his claim. Under Plaintiff's theory, venue would be proper wherever he lives – which would mean that he could manufacture venue anywhere he decided to live. In short, Plaintiff has failed to show that "a substantial part of the events or omissions giving rise to the claim" occurred in this district.[4]

**III.     Conclusion**

For the foregoing reasons, Defendant's motion [22] is granted, and this case is dismissed without prejudice. Plaintiff's motion [38] is denied without prejudice as moot.

Dated:  June 11, 2012                          _____
                                                                Robert M. Dow, Jr.
                                                                United States District Judge

---

[4] The Court offers no view on Defendant's alternative contentions under Federal Rules of Civil Procedure 12(b)(6) and 12(e). Because Plaintiff's motion to file a sur-reply [38] only involves Defendant's Rule 12(b)(6) argument, it is moot.

5